IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEX

╷ ╷ ╷ ╷ 11 2002

DAVID J. MALAND, CLERK
BY
DEPUTY

| | |
|---|---|
| SULZER TEXTIL A.G. and | § |
| SULZER TEXTILE, INC. | § |
| Plaintiffs, | § |
| | § |
| | § |
| | § |
| | § |
| PICANOL N.V., | § |
| Defendant. | § |

CIVIL ACTION NO. 6:00cv279

## ORDER

Came on for consideration defendant's Motion for Attorney Fees pursuant to 35 U.S.C. §

285 against Sulzer Textil A.G., a corporation organized under the laws of Switzerland, and

Sulzer Textile, Inc., a corporation organized under the laws of the state of South Carolina,

(hereinafter "Sulzer") (Doc. #369). The defendant Picanol N.V., a corporation organized under

the laws of Belgium, (hereinafter "Picanol") moves for attorney fees in the amount of

$2,987,908.15, for Holland & Knight LLP, $446,861.66 for Bacon & Thomas PLLC, and

$167,236.25 for Potter Minton, PC. After due consideration, the court denies the motion for

attorney fees.

### SUMMARY OF THE FACTS

On the 10th day of September, 2001, the above styled and numbered civil action came on

for trial before the Court and Jury. The issues in the case were tried and a verdict was rendered.

The Jury found that the plaintiff take nothing against defendant. The plaintiff brought this suit

1

contending that defendant had infringed two of its United States patents, numbered 4,446,893 and 4,450,876. The patents relate to enhancing the speed, efficiency, and versatility of air jet weaving machines. The '893 patent relates to the manner in which the weft insertion through the shed is controlled. The '876 patent relates to the manner in which the machine operation is adjusted when weft bobbins are changed.

Picanol is a manufacturer of air jet weaving machines, including Delta, Omni, and Omniplus, which incorporate the bobbin changeover system and the adaptive insertion control systems known as AIC-T and AIC-Q. Sulzer contended that these machines that incorporate the AIC-T, AIC-Q, and/or the bobbin changeover systems infringed the patents in suit. Sulzer also contended that Picanol's infringement was willful, and that it should receive damages. The jury answered that it did not find "from a preponderance of the evidence that Picanol has infringed, contributorily infringed, and/or induced others to infringe" in regards to both patents in suit.

## Attorney Fees

Section 285 states that "the court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The determination of whether a case is exceptional, and thus, eligible for an award of attorney fees is a two-step process. *Cybor Corp. v. FAS Technologies, Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998). The court must first determine whether a case is exceptional. *Id.* After determining that a case is exceptional, the court must then determine whether attorney fees are appropriate. *Id.*

The trial judge may award attorney fees and costs in his/her discretion because of inequitable conduct during patent prosecution or misconduct during trial. *Revlon, Inc. v. Carson*

2

*Products, Co.*, 803 F.2d 676, 679 (Fed. Cir. 1986). In certain circumstances, a frivolous case can be "exceptional" to justify the award of attorney fees. *Haynes Int'l, Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed. Cir. 1994). A frivolous infringement suit is one where the patentee knew or should have reasonably known that the claim was baseless. *Id.*

The party who seeks an award of attorney fees has the burden to prove that the case is of an exceptional quality by clear and convincing evidence. *Cambridge Products, Ltd. v. Penn Nutrients, Inc.*, 962 F.2d 1048, 1050 (Fed. Cir. 1992). Attorney fees are not to be routinely assessed against a losing party in litigation in order to avoid penalizing a party for merely defending or prosecuting a lawsuit. *Revlon, Inc. v. Carson Products, Co.*, 803 F.2d 676, 679 (Fed. Cir. 1986). Attorney fees are awarded only to avoid a gross injustice. *Id.* In order to recover attorney fees, there must be proof of wrongful intent or gross negligence in bringing the suit. *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 473 (Fed. Cir. 1985).

Picanol contends that it is entitled to attorney fees because of the exceptional nature of the case, based on the bad faith conduct of the plaintiffs throughout the course of litigation. Picanol claims that Sulzer demonstrated its bad faith by pursuing a suit that it knew, or should have known on reasonable investigation was baseless. Picanol based this assertion on the decision to file the suit, the litigation strategy, conduct during discovery and trial, disregard for the prior business contacts of the parties, lack of acknowledgment of publicly available information, and the law governing patent infringement and appropriate damages.

During trial, Picanol moved for judgment as a matter of law on Sulzer's claims. The Court held that the plaintiff had met its burden to produce sufficient evidence on all key elements of the case to survive judgment as prescribed by Federal Rule of Civil Procedure 50(a). When a

3

trial court denies a Motion for Judgment as a Matter of Law, it determines that there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded individuals in the exercise of impartial judgment might reach different conclusions. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 179 (5th Cir. 1999). The Court was required to find that there was a substantial conflict in the evidence to create a jury question. *Id.* The fact that Sulzer's claims survived Picanol's Motion for Judgment as a Matter of Law shows that Sulzer's claims cannot be considered baseless. *See Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989) (Stating that it is difficult to conceive of a "baseless" claim that survived summary judgment).

### I. Picanol's Claim that Sulzer Disregarded the Law on Laches and Estoppel

Picanol contends that Sulzer's claims for infringement were more than 12 years old and were barred by the doctrines of laches and estoppel. Picanol bases this assertion on the parties long history and prior course of dealing. Laches and estoppel are equitable defenses whose appropriateness must be determined in each case under its particular factual situation. *Studiengesellschaft Kohle v. Eastman Kodak Co.*, 616 F.2d 1315, 1325 (5th Cir. 1980). The equitable defense of laches may be invoked where a "plaintiff has unreasonably and inexcusably delayed in prosecuting its rights and where that delay has resulted in material prejudice to the defendant. The effect of laches is merely to withhold damages for infringement which occurred prior to filing suit." *Id.* Estoppel "arises only when one has so acted as to mislead another and the one thus mislead has relied upon the action of the inducing party to his prejudice." *Id.* Estoppel acts to foreclose the patentee from enforcing the patent prospectively through an

4

injunction or through damages for continuing infringement. *Id.*

Laches and estoppel are grounded in equity. A determination is not made by the application of "mechanical rules." *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992). The application of these defenses is committed to the sound discretion of the trial court. *Id.* Both plaintiff and defendant have presented allegations to the Court regarding laches and estoppel through summary judgment motions. Picanol claims that Sulzer knew or should have known about the features of its weaving machines twelve years prior to filing suit and did not act in a timely manner. Picanol also asserts that this suit was an effort to coerce a settlement. Sulzer contends that Picanol has come to the Court with "unclean hands." Sulzer claims that Picanol kept secret technical violation that would have disclosed the alleged infringement. The Court fails to find that Sulzer acted with wrongful intent or gross negligence. There simply is not clear and convincing evidence that justifies an award of attorney fees.

## II. Picanol's Claim That Sulzer's Contention of Infringement In Regards to the AIC-T Feature Was Unfounded

Picanol claims that Sulzer had knowledge that the AIC-T feature was outside the scope of the patents in suit. Picanol contends that Sulzer only claimed infringement by the AIC-T feature because it was included in every accused Picanol machine, which allowed for the possibility of considerably more damages. Picanol asserts that the claims against the AIC-T feature increased the complexity of the case.

At trial, Sulzer presented expert testimony that the AIC-T feature infringed the patents in suit. The fact that the jury ultimately sided with Picanol on the issue of infringement does not

5

erase the expert testimony presented by Sulzer. By relying upon an expert in textile engineering in its claim of infringement, Sulzer did not act in a manner that would render this case "exceptional" to justify an award of attorney fees.

### III. Picanol's Assertion that Sulzer Brought Damages Claims With No Basis In Law or Fact

Sulzer's initial damages claim made in its initial disclosure was later withdrawn. Picanol contends that this claim had no basis in law or fact and its inclusion was to merely force Picanol into extraneous research and effort. Sulzer initially claimed a reasonable royalty based on output theory, but it was then dropped to a claim of reasonable royalty based on cost savings to the customer. The mere fact that an issue was plead and then dropped prior to trial does not establish vexatious litigation. *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989). Picanol also asserted claims, including patent misuse that were dropped before trial.

Picanol contends that Sulzer misrepresented itself in regards to its claim for lost profits. Picanol also asserts that the claim for lost profits had no legal proof. As stated earlier in this Order, the Court denied Picanol's Motion for Judgment as a Matter of Law. There was sufficient evidence to present this issue to the jury. There were also no discovery abuses which would rise to the level of "exceptional."

Picanol claims that Sulzer's license to its U.S. subsidiary was strictly a sham license used to exaggerate the damages claims and bias the court proceedings into Sulzer's favor. An exclusive licensee has sufficient interests in a patent to have standing to sue as a co-plaintiff with the patentee. *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1552 (Fed. Cir. 1995). By the

6

terms of the May 3, 2000 license agreement, Sulzer Textile, Inc. is the exclusive licensee of Sulzer Textile A.G. Picanol asserted this claim against standing in its Motion for Summary Judgment. The Court denied Picanol's Motion. The claim of the standing of Sulzer Textile, Inc. had previously been decided in Sulzer's favor, so this Court finds it difficult to conceive how the license is now evidence of bad faith.

Picanol also asserts that Sulzer improperly implied that Picanol had copied the patents in suit. This is another issue that the Court had previously decided. Picanol made a Motion in Limine to preclude Sulzer from introducing evidence from which a jury may have inferred that copying had been done. The Court ruled against Picanol on this Motion finding that it was up to the jury to weigh the evidence related to potential copying. As such, there is no indication that Sulzer had a wrongful intent in alleging that Picanol copied the patents. The fact that the jury agreed with Picanol does not assist Picanol in its duty to show wrongful intent or gross negligence by clear and convincing evidence.

## IV. Picanol's Claims that Sulzer Exhibited Bad Faith Behavior Throughout Discovery and Trial

Picanol cites a number of examples which are meant to illustrate Sulzer's bad faith behavior including Sulzer's failure to produce knowledgeable corporate representatives for deposition, Sulzer's neglect of its duty to prepare appropriate pre-trial disclosures, including exhibit lists, witness lists, and deposition designations, Sulzer's insistence that an internal memorandum was relevant, Sulzer's insistence that the patent license agreements and negotiations were not admissible or relevant to the issue of reasonable royalty, and Sulzer's

representation to the jury of how it determined infringement and the decision to file suit.

Sulzer produced its CEO, Vice President for Sales and Marketing, and its Manager for Technical Services for Air jet Weaving for deposition. Sulzer also produced two other witnesses for deposition. After these deponents testified and both parties carried out the agreements reflected in the Special Master's Order, Picanol did not seek additional depositions. Sulzer complied with Federal Rule of Civil Procedure 30(b)(6).

Both parties presented voluminous witness and exhibit lists. Picanol moved to strike the Plaintiff's Sixth Amended Exhibit List, which was denied by the Court. Picanol asserts bad faith in Sulzer's listing of 252 people on its "may call" list. Of these 252, 50 were also on Picanol's list. Picanol's "may call" list contained 54 witnesses, along with 9 witnesses on its "will call" list. Picanol also failed to completely disclose the name and address of one of its witnesses who was allowed to testify. None of these factors amount to "exceptional" behavior that would persuade the Court that attorney fees are justified.

Picanol challenged the use of the "Cardoen Memorandum" in a Motion in Limine. The Court denied Picanol's motion and allowed Sulzer to present the memorandum as evidence. Sulzer's subsequent use of the memorandum at trial does not indicate any wrongful intent or gross negligence.

Picanol complains of Sulzer's assertions throughout the litigation that the evidence of the agreement reached by the parties in 1989 should be excluded. However, the Court agreed with the plaintiffs and granted their Motion in Limine in compliance with Federal Rule of Evidence 408. The Court finds no value in Picanol's assertions that Sulzer misrepresented the law to the Court and miscited authority.

8

Picanol also complains that Sulzer falsely represented to the jury the facts surrounding its discovery of infringement and subsequent decision to file suit.  Picanol's argument on this point reverts back to the issue of laches and estoppel, which was covered previously in this Order.

## Conclusion

Picanol has failed to establish by clear and convincing evidence that Sulzer acted in bad faith or that the suit was frivolous.  There was no proof of wrongful intent or gross negligence in bringing the suit.  This case does not rise to the status of "exceptional" to justify an award of attorney fees.  Therefore the defendant is not entitled to recover.

Accordingly, it is

ORDERED that defendant's Motion for Attorney Fees pursuant to 35 U.S.C.  § 285 (Doc. #369) is denied.

SIGNED this ___11th___ day of March, 2002.

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE

9