IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SULZER TEXTIL A.G. and<br>SULZER TEXTILE, INC.<br>Plaintiffs, | §<br>§<br>§<br>§<br>§ | |
| | § | CIVIL ACTION NO. 6:00cv279 |
| PICANOL N.V.,<br>Defendant. | §<br>§<br>§ | |

## ORDER

Came on for consideration plaintiffs Sulzer Textil A.G., a corporation organized under the laws of Switzerland, and Sulzer Textile, Inc., a corporation organized under the laws of the state of South Carolina, (hereinafter "Sulzer") Motion for New Trial pursuant to Fed Rule of Civil Procedure 59(a) (Doc. #368) against defendant Picanol N.V., a corporation organized under the laws of Belgium, (hereinafter "Picanol"). After due consideration, the court denies the motion for new trial.

### SUMMARY OF THE FACTS

On the 10th day of September, 2001, the above styled and numbered civil action came on for trial before the Court and Jury. The issues in the case were tried and a verdict was rendered. The Jury found that the plaintiff take nothing against defendant. The plaintiff brought this suit contending that defendant had infringed two of its United States patents, numbered 4,446,893 and 4,450,876. The patents relate to enhancing the speed, efficiency, and versatility of air jet weaving machines. The '893 patent relates to the manner in which the weft insertion through the

1

shed is controlled. The '876 patent relates to the manner in which the machine operation is adjusted when weft bobbins are changed.

Picanol is a manufacturer of air jet weaving machines, including Delta, Omni, and Omniplus, which incorporate the bobbin changeover system and the adaptive insertion control systems known as AIC-T and AIC-Q. Sulzer contended that these machines that incorporate the AIC-T, AIC-Q, and/or the bobbin changeover systems infringed the patents in suit. Sulzer also contended that Picanol's infringement was willful, and that it should receive damages. The jury answered that it did not find "from a preponderance of the evidence that Picanol has infringed, contributorily infringed, and/or induced others to infringe" in regards to both patents in suit.

### New Trial

Sulzer brings this Motion for New Trial on the contention that the Court erred in its instructions to the jury by not instructing on its interpretation of the claims at issue. Claim construction is within the province of the Court to be decided as a matter of law, while the factual determination of infringement is left to the jury. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 984 (Fed. Cir. 1995). In this suit, the Court appointed a Special Master to conduct a *Markman* claims construction. The Report and Recommendation of the Special Master was adopted by the Court upon a joint motion by the parties. During the trial, both parties used the terms adopted by the Court in relation to claims construction without dispute.

The decision to grant or deny a motion for new trial is within the sound discretion of the trial court. *Williams v. Chevron USA, Inc.*, 875 F.2d 501, 505 (5th Cir. 1989). A party seeking to alter a judgment based on erroneous jury instructions must establish that (1) it made a proper

2

and timely objection to the jury instructions, (2) those instructions were legally erroneous, (3) the errors had prejudicial effect, and (4) it requested alternative instructions that would have remedied the error. *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1281 (Fed. Cir. 2000). Whether a jury instruction is legally erroneous is a question of law. *Id.* at 1282. The entire jury charge must be examined to determine whether the instructions fairly stated the legal principles to be applied by the jury. *Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 853 (Fed. Cir. 1991). If there is legal error in the jury instruction, then such error must be prejudicial. Prejudicial legal error exists when the error is inconsistent with substantial justice. Fed. R. Civ. P. 61. It is only those errors that have caused substantial harm to the losing party that justify a new trial. *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 549 (Fed. Cir. 1998).

Sulzer contends that as a matter of law the Court must read all definitions of all terms to the jury. However, no case has stated that such a requirement exists. "The *Markman* decisions do not hold that the trial judge must repeat or restate every claim term in order to comply with the ruling that claim construction is for the court. Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement. It is not an obligatory exercise in redundancy." *United States Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997). In this suit, the constructed terms were not in dispute at trial. *See Id.* at 1567 ("We doubt that Markman requires the trial judge to instruct as to an undisputed 'claim construction' for every term.").

Even if the Court was in error by not reading the construction of every claim to the jury, Sulzer has failed to show that such error had a prejudicial effect. Sulzer's only example to

3

support its assertion that witnesses were allowed to testify to constructions other than those adopted by the Court stems from the testimony of Dalbert Shefte. Mr. Shefte was an expert witness for Picanol. On cross examination conducted by Sulzer, Mr. Shefte answered questions about his initial report where he testified that he had initially analyzed the claims from a different construction than that adopted by the Court. This simply constitutes invited error. *See Weinar v. Rollform Inc.*, 744 F.2d 797, 805 (Fed. Cir. 1984). Mr. Shefte also testified that his complete analysis was guided by the claim language as construed by the Court. This does not present a basis to believe that the jury was mislead from the Court's determination on claim construction. Mr. Shefte's testimony did not cause substantial harm to Sulzer. Prejudicial error does not exist.

## Conclusion

Sulzer has failed to establish that the Court's instructions to the jury were legally erroneous, or if such legal error existed that such error had a prejudicial effect. Therefore the plaintiff is not entitled to a new trial.

Accordingly, it is

ORDERED that plaintiff's Motion for New Trial pursuant to Fed Rule of Civil Procedure 59(a) (Doc. #368) is denied.

SIGNED this 19th day of April, 2002.

HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE